1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                           EASTERN DISTRICT OF CALIFORNIA
10

11   PARVINDER SINGH S. B.,
12                   Petitioner,                    No. 1:25-cv-01981-TLN-CSK
13
14            v.
                                                    **ORDER**
15   CHRISTOPHER CHESTNUT, et al.,
16                   Respondents.
17

18          This matter is before the Court on Petitioner Parvinder Singh S.B.'s[1] ("Petitioner")

19   Motion for a Temporary Restraining Order ("TRO").  (ECF No. 2.)  For the reasons set forth

20   below, Petitioner's Motion is GRANTED.

21          **I.      FACTUAL AND PROCEDURAL BACKGROUND**

22          Petitioner is an asylum seeker who fled India in 2023 to escape persecution.  (ECF No. 2-

23   1 at 4.)  Upon his entry into the United States, Petitioner was briefly detained by the Department

24   _____

25   [1]      As recommended by the Committee on Court Administration and Case Management of
     the Judicial Conference of the United States, the Court omits Petitioner's full name, using only
26   his first name and last initials, to protect sensitive personal information.  *See* Memorandum Re:
     Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court
27   Administration and Case Management, Judicial Conference of the United States (May 1, 2018),
     https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.  The Clerk of Court
28   is directed to update the docket to reflect this change accordingly.

                                                    1

1    of Homeland Security ("DHS") and released under an Order of Release of Recognizance

2    ("ROR"), which required his enrollment in the Alternatives to Detention ("ATD") program and

3    mandated check ins with Immigration and Customs Enforcement ("ICE").  (*Id.*)  Following his

4    release from detention, Petitioner filed an application for asylum.  (*Id.*)  Petitioner is gainfully

5    employed and has complied with all the conditions of his release.  (*Id.*)  Nonetheless, Petitioner

6    was unexpectedly detained during an ICE check in appointment.  (*Id.*)

7            On December 23, 2025, Petitioner filed a petition for writ of habeas corpus.  (ECF No. 1.)

8    The same day, Petitioner filed the instant TRO.  (ECF No. 2.)

9            **II.     STANDARD OF LAW**

10           For a TRO, courts consider whether a petitioner has established: "[1] that he is likely to

11   succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary

12   relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public

13   interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner must "make a

14   showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d

15   1127, 1135 (9th Cir. 2011).  In evaluating a petitioner's motion, a district court may weigh

16   petitioner's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger

17   showing on the balance of the hardships may support issuing a TRO even where the petitioner

18   shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows

19   that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*

20   Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were

21   raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor in order to

22   succeed in a request for a TRO.  *Id.* at 1134–35.

23   ///

24   ///

25   ///

26   ///

27

28

2

1    **III.    ANALYSIS**[2]

2        A.    Likelihood of Success on the Merits

3        Petitioner has established a likelihood of success on his claim that he is unlawfully

4    detained under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  Section 1225(b)(2) mandates detention

5    during removal proceedings for applicants "seeking admission" and does not provide for a bond

6    hearing.  Whereas 8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting

7    and detaining [noncitizens] who are present in the United States and eligible for removal."

8    *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Under § 1226(a), the

9    Government has broad discretion whether to release or detain the individual.  *Id.*  Further, §

10   1226(a) provides several layers of review for an initial custody determination.  *Id.*  It also confers

11   "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by

12   counsel and to present evidence, the right to appeal, and the right to seek a new hearing when

13   circumstances materially change."  *Id.* at 1202.

14       Petitioner claims the text, context, legislative and statutory history of the INA all

15   demonstrate that 8 U.S.C. § 1226(a) governs his detention — not 8 U.S.C. § 1225.  (ECF No. 2-1

16   at 9.)  The Court agrees.  As this Court has found repeatedly, Section 1225(b)(2) applies only to

17   noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner

18   who have lived within the United States since 2023.  *See Morales-Flores v. Lyons*, No. 1:25-CV-

19   01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's

20   reasons for taking this position).  Petitioner is instead subject to § 1226(a) and is therefore entitled

21   to the process that statute requires, including a bond hearing at a minimum.  Accordingly,

22   Petitioner is likely to succeed on the merits of his claim that Respondents have violated the INA

23

24   [2]        The Court finds Petitioner has met the requirements for issuing a temporary restraining
25   order without notice.  *See* Fed. R. Civ. P. 65(b).  Petitioner has filed the requisite affidavits and
     notified Respondents via email on December 23, 2025 that he would be filing the motion.  (ECF
26   No. 2-2 at 2.)  *See R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL
     2617255, at *3 (E.D. Cal. Sept. 9, 2025) (similarly finding requirements for TRO were met
27   without notice); *Pinchi v. Noem*, No. 25-cv-05632-RML, 2025 WL 1853763, at *4 (N.D. Cal.
     July 4, 2025) (same).

28

1    and improperly subjected him to mandatory detention without a hearing.

2                           B.    Irreparable Harm

3           Petitioner has also established he will suffer irreparable harm in the absence of a TRO.

4    The Ninth Circuit recognizes "irreparable harms imposed on anyone subject to immigration

5    detention," including "the economic burdens imposed on detainees and their families as a result

6    of detention[.]" *Hernandez*, 872 F.3d at 995.  Such harm is present here.  Additionally, as

7    Petitioner argues, "[i]t is well established that the deprivation of constitutional rights

8    'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th

9    Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

10                          C.    Balance of Equities and Public Interest

11          As to the final two *Winter* factors, "[w]hen the government is a party, the analysis of the

12   balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F.

13   Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092

14   (9th Cir. 2014)).  The Court finds these factors also favor Petitioner.  First, the balance of equities

15   tips decidedly in Petitioner's favor as the Government "cannot reasonably assert that it is harmed

16   in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S.

17   Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).  Second, "it is always in the public

18   interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002.

19   Moreover, "the Ninth Circuit has recognized that the costs to the public of immigration detention

20   are staggering." *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June

21   14, 2025) (internal citation omitted).

22          Respondents have also not supplied Petitioner with any legitimate interest for detaining

23   him.  "The government has no legitimate interest in detaining individuals who have been

24   determined not to be a danger to the community and whose appearance at future immigration

25   proceedings can be reasonably ensured by [ ] bond or alternative conditions.")." *Hernandez*, 872

26   F.3d at 994.  Petitioner remained in compliance with the conditions of his release for nearly three

27   years, reporting as required, committing no violations and posing no danger or flight risk.  (ECF

28   No. 2 at 4.)

                                                4

In sum, these last two factors weigh in Petitioner's favor.  Therefore, the Court GRANTS Petitioner's Motion for a TRO.  (ECF No. 2.)

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1.  Petitioner's Motion for a Temporary Restraining Order (ECF No. 2) is GRANTED.

2.  Respondents must IMMEDIATELY RELEASE Petitioner Parvinder Singh S. B. from custody.  Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

3.  Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-day notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed to have his counsel present.

4.  Respondents are ORDERED TO SHOW CAUSE why this Court should not issue a preliminary injunction continuing this order.  Respondents shall file responsive papers by **Tuesday, December 30, 2025**.  Petitioner may file a reply, if any, by **Monday, January 5, 2026**.  **The parties shall indicate in their briefing whether they waive hearing**.  Fed. R. Civ. P. 65(b)(3).  The Court will consider any stipulation and proposed order filed by the parties if they agree to a less demanding briefing schedule.

5.  Petitioner is ORDERED to immediately serve this Temporary Restraining Order and Order to Show Cause on Respondents at usacae.ecf2241-imm@usdoj.gov.  Petitioner shall file proof of such service no later than **9 a.m. on December 24, 2025.**

6.  Respondents are hereby notified of their right to apply to the Court for modification or dissolution of the Temporary Restraining Order on two days' notice to Petitioner.  Fed. R. Civ. P. 65(b)(4).

7.  The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this one.  *See Diaz v. Brewer*, 656 F.3d 1008, 1015

(9th Cir. 2011).

8. The Clerk of Court is DIRECTED to update the docket to only list Petitioner's first name and last initial.

IT IS SO ORDERED.

Date: December 23, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE